ORIGINAL
FILED
IN CLERK'S OFFICE
2005
P.M.
TIME A.M.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------x

MR. TONY L. OWENS,

                    Plaintiff,

-against-

HHC - NYC - NYS DEPT. OF CORRECTIONS,
PRISON HEALTH CARE NETWORK, LONG
ISLAND COLLEGE HOSPITAL, ELMHURST
HOSPITAL - BELLEVUE HOSPITAL,

                    Defendants.

------------------------------------------------------x

**MEMORANDUM & ORDER**
04-CV-3516 (FB)

*Appearance:*
*For the Plaintiff:*
TONY L. OWENS, *pro se*
Prisoner #141-031-0414
ARDC/C74
11-11 Hazen Street
East Elmhurst, New York 11370

**BLOCK, District Judge:**

        *Pro se* prisoner plaintiff, Tony L. Owens ("Owens"), proceeding *in forma pauperis*, brought an action pursuant to 42 U.S.C. § 1983, alleging that the defendants provided him with inadequate medical care. On March 28, 2005, after the Court afforded Owens two opportunities to amend, the Court, in accordance with its obligations under 28 U.S.C. § 1915a, *sua sponte* dismissed the complaint for failure to state a claim, and on March 30, 2005, the Clerk entered judgment. Thereafter, Owens submitted to the Court a form titled "Combined Notice of Appeal and Motion for Extension of Time" on which he stated that "the Court's decision was received on March 30, 2005" and that "this form was mailed to the Court on May 12, 2005"; the Court received the form on June 9, 2005. In support of

his motion for an extension, Owens asserted that he needed (1) "to finish" and (2) to "understand if th[e Court's] dismissal . . . also cover[ed] [a complaint that he filed against his trial attorney in state court]." *See* Combined Notice of Appeal and Motion for Extension of Time at 1.

Under Rule 4(a)(1) of the Federal Rules of Appellate Procedure, Owens had 30 days from the date that judgment was entered to file a notice of appeal; however, Rule 4(a)(5) permits the Court to extend the time to file the notice if "(i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and (ii) . . . that party shows excusable neglect or good cause." The Second Circuit has explained that the following four factors are relevant in assessing what constitutes excusable neglect: "(1) the danger of prejudice to the non-moving party, (2) the length of delay and impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the moving party, and (4) whether the moving party acted in good faith"; however, "the third factor - the reason for the delay - . . . predominates," and "the other three are significant *only* in close cases." *Williams v. KFC Nat'l Mgmt. Co.*, 391 F.3d 411, 415-16 (2d Cir. 2004) (internal citations and quotations omitted) (emphasis added).

A *pro se* prisoner's notice of appeal is deemed filed on the date that the prisoner submitted the notice to prison authorities. *See, e.g., Houston v. Lack*, 487 U.S. 266, 270-72 (1988). In deference to Owens's *pro se* prisoner status, the Court presumes that Owens delivered the notice to prison authorities on May 12, 2005, the date that he stated that he "mailed [it] to the Court[,]" and deems Owens's notice filed on that day; therefore,

2

because the notice was filed before the 30-day grace period lapsed, the Court may extend the time to file a notice of appeal if there was excusable neglect or good cause.

Owens's first rationale for the extension, the need for additional time to "finish" completing the Notice of Appeal, which consists of a one-page form, borders on frivolous; his second rationale, confusion in regard to the Court's March 28, 2005 Memorandum and Order, is equally unavailing because the Memorandum and Order never even referenced his state-court action. *See In Re O.P.M. Leasing Services, Inc.*, 769 F.2d 911, 917 (2d Cir. 1985) ("[A] loose interpretation of 'excusable neglect' would convert the 30-day period for appeal provided in [Rule] 4(a) into a 60-day one – a result clearly not intended by the Rule's framers."); *Marshall v. United States*, 263 F. Supp. 2d 712, 714 (S.D.N.Y. 2003) (no excusable neglect where sole rationale for delay was *pro se* plaintiff's confusion over whether court's order had disposed of *all* of his claims because order was sufficiently clear). The Court need not consider the other three factors because this is not a close case. Accordingly, the motion is denied.

**SO ORDERED.**

                                                       FREDERIC BLOCK
                                                       United States District Judge

Brooklyn, New York
September 27, 2005